# E. M. Sayers, Plff. in Err., v. Mordecai Kent, Garnishee.

Plaintiff in an attachment will not be heard to impeach the transaction on which he claims that the garnishee became indebted to the defendant, as fraudulent against creditors.

No presumption of intent to defraud creditors arises from paying a debt before it becomes due and taking a rebate of interest.

(Decided October 19, 1885.)

Error to the Common Pleas of Greene County to review a judgment on a verdict in favor of a garnishee. Affirmed.

This was an attachment execution issued against Thomas Kent on a judgment in favor of plaintiff for $269.19, with a clause of scire facias to Mordecai Kent, his son, as garnishee. Under this garnishment Mordecai Kent pleaded *nulla bona*. Plaintiff claimed that Thomas Kent sold to Mordecai Kent a tract of land for $2,537.50, the land being sold at $20 per acre, and the payments to be made,—$200 July 1, 1863, and $100 annually afterwards till paid; that, under that contract, some portion of the purchase money was still due, which he demanded to have applied in satisfaction of his judgment. Defendant offered in evidence receipts, among other things to show that the entire debt owing by Mordecai on account of said land had been paid. Plaintiff then charged that the transaction between father and son was fraudulent, and was entered into for the purpose of hindering creditors, and that the receipts had been given without any consideration; and offered evidence to that effect, insisting that the payment of the instalments before due was evidence of fraud.

Defendant requested the court (1) that, inasmuch as plaintiff claimed the purchase money under the articles of agreement, he was estopped from saying the sale in the first instance, as between Thomas Kent and his son Mordecai, was fraudulent;

NOTE.—But it may be shown that the money in the hands of the garnishee, alleged to be the proceeds of the sale of land of a son of the debtor, really belonged to the debtor, the conveyance to the son having been in fraud of creditors; and the question of the fraud was properly left to the jury. First Nat. Bank v. Cathers, 164 Pa. 343, 30 Atl. 262; Heath v. Page, 63 Pa. 108, 3 Am. Rep. 533. See Skiles v. Dickson, 147 Pa. 117, 23 Atl. 350.

and (2) that, if Thomas Kent, by the pressing wants of creditors, pleased to accelerate the payments with Mordecai by a rebate of interest, there was nothing in the transaction of which the plaintiff or any creditor could complain. The court affirmed both points; and, judgment having passed for defendant, plaintiff brought error to this court.

*Sayers & Sayers* for plaintiff in error.

*Wyly, Buchanan, & Walton* for defendant in error.

PER CURIAM:

The right of the plaintiff to recover depended on his ability to prove an existing debt due by the garnishee.

Having attempted to do so by proving a specific contract, he was clearly estopped from denying the validity of that contract. Had he succeeded in proving it to be invalid, he would have proved that the debt did not exist.

There is no presumption of fraud in the fact that the defendant paid the instalments before they became due, and was allowed a rebate of the interest on the sums thus paid.

Judgment affirmed.